# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv45

| | |
|---|---|
| NGM INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| RICHARD JENKINS, | )<br>) |
| Defendant/ Third-<br>Party Plaintiff, | )<br>)<br>) |
| Vs. | )<br>) |
| TOLLEY INSURANCE AGENCY,<br>INC., | )<br>)<br>) |
| Third-Party<br>Defendant. | )<br>)<br>) |

**THIS MATTER** is before the court upon third-party defendant's Motion to Dismiss for Lack of [Subject Matter] Jurisdiction. Having carefully considered third-party defendant's Motion to Dismiss for Lack of [Subject Matter] Jurisdiction and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

### I. Nature of the Action

In this declaratory relief action, plaintiff, a Florida corporation, seeks a declaration that its Contractor's Liability policy issued to defendant, a resident of

North Carolina, is void and that there is no coverage for personal injuries sustained by another person in an ATV accident due to alleged intentional material misrepresentations made in the application for such policy. Complaint, at ¶¶ 1-28. Plaintiff has invoked this court's diversity jurisdiction under 28, United States Code, Section 1332(a). Id., at ¶ 8. Of relevance to the issue presented in the instant motion to dismiss are plaintiff's allegations that defendant submitted his application for such policy through "Jenkins' legal agents, Northeast Agencies, Inc. and M. Chris Tolley," id., at ¶ 17, and that such alleged agent

> had Jenkins' actual authority and/or apparent authority to act on behalf of Jenkins in completing, signing and submitting the Application and Submissions and obtaining insurance from NGM; and all acts and/or omissions by Chris Tolley and Northeast Agencies, Inc., are imputed to Jenkins as a matter of law.

Id., at ¶ 18.

In filing its response to the Complaint, defendant also filed and served a third-party complaint against Tolley Insurance Agency, Inc. See Answer, Affirmative Defenses, and Third-Party Complaint, Docket Entry # 6. In the Third-Party Complaint portion of his Answer, id., at ¶ 45-81, third-party plaintiff alleges that the third party defendant is a North Carolina corporation. Id., at ¶ 47. Third-party plaintiff contends that it has had an ongoing relationship with the third-party defendant in acquiring insurance for its log home building business, and that the misrepresentations contained in the application for insurance are the product of the third-party defendant's negligence inasmuch as the agent filled out the application for third-party plaintiff knowing, for example, that cranes were used by third-party

plaintiff in the erection of log homes. Id., at ¶¶ 45-62. Further, third-party plaintiff contends that it never saw the application until plaintiff presented it to him and that the signature appearing at the bottom of the application is not his and was applied without his permission. Id., at ¶¶ 58-60. Third-party plaintiff has asserted claims for negligence, id., at ¶¶ 63-66, unfair and deceptive trade practices, id., at ¶¶ 67-69, breach of contract, id., at ¶¶ 70-78, and indemnification. Id., at ¶¶ 79-81.

## II. Motion to Dismiss

Third-party defendant has moved to dismiss under Rule 12(b)(1), contending that this court lacks jurisdiction over the exclusively state law claims asserted against it inasmuch as third-party plaintiff and third-party defendant, both being residents of the State of North Carolina, are not diverse. Motion to Dismiss, Docket Entry #10, at ¶ 1. Third-party plaintiff has responded arguing that in third–party practice, where the court's jurisdiction over the original Complaint is founded upon diversity, there is no requirement that related claims against third-parties also satisfy the requirements of Section 1332, unless such third-party defendant could have been joined as a plaintiff to the original action. Response, Docket Entry #13, at 2-3. In its Reply, third-party defendant takes issue with the case cited by third-party plaintiff, and argues that the citizenship of the plaintiff is not relevant to whether or not the court has jurisdiction over the third-party claim. Reply, Docket Entry #14, at 4.

## III. Applicable Standard: Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at

any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff, in this case, the third-party plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a

lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

## IV. Discussion

Inasmuch as there is absolutely no dispute that plaintiff properly invoked this courts jurisdiction under Section 1332, the only issue herein presented is whether the parties to a third-party claim must also be diverse. As a matter of law, the answer is no. This precise issue has been addressed by another district court:

> Doiron's Third Party Complaint named Silingo as a Third Party Defendant and identified Silingo as a Nevada resident. (Third Party Compl. at ¶ 3.) Because Doiron and Silingo both are Nevada residents, complete diversity did not exist between them. Nevertheless, this Court had jurisdiction over these supplemental claims and parties under § 1367(a) even though no diversity or federal question jurisdiction independently supported the supplemental claims between Doiron and Silingo. Supplemental claims, including those that involve supplemental parties, need not have an independent jurisdictional basis so long as they are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy and they do not fall into one of the categories of claims prohibited under § 1367(b) in diversity cases.

Harada v. Doiron, 2007 WL 983843, at 4 (D.Nev. 2007)(citation omitted). In addition, this issue has also been addressed by federal appellate courts, including the Court of Appeals for the Second Circuit, which noted in Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 569 n. 2 (2d Cir.2005), that "a third-party

complaint does not require an independent jurisdictional basis when diversity of citizenship exists between the original parties." Id. Other courts have reached the same conclusion. In Lampe v. Genuine parts Co., 463 F.Supp.2d 928 (E.D.Wis. 2006), the district court held that

> [e]ven if the third-party defendants were also citizens of Georgia and the third-party complaint was not supported by an independent jurisdictional basis, the court may exercise supplemental jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1367.

Id., at 934. Indeed, this has been recognized by district courts within the Fourth Circuit since at least 1947:

> the court was of the opinion that the jurisdiction having been originally properly invoked on the ground of diverse citizenship between the plaintiffs and the original defendants, the third party complaint properly invoked the ancillary jurisdiction of the court and was therefore not subject to dismissal for lack of diverse citizenship between the original defendants and the third party defendants.

State of Md., to Use and Benefit of Wood v. Robinson, 74 F.Supp. 279, 280 (D.MD. 1947).

Finally, such lack of a requirement of diversity is also apparent in the official forms that are a part of the Federal Rules of Civil Procedure. While official forms 10 through 15 require a jurisdictional statement in bringing an original Complaint, Form 16, the official form for a Third-Party Complaint, contains no requirement of a jurisdictional statement. Although the forms were amended in 2007, the lack of a requirement of a jurisdictional statement for a third-party Complaint, as being indicative of the lack of a requirement of an independent jurisdictional basis for a third-party claim, has been recognized since at least 1937. Morrell v. United Air

Lines Transport Corporation, 29 F. Supp. 757 (S.D.N.Y. 1939).

For these reasons, the undersigned must respectfully recommend that third-party defendant's Motion to Dismiss be denied.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that third-party defendant's Motion to Dismiss for Lack of [Subject Matter] Jurisdiction (#10) be **DENIED.**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 21, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge